IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LORI FINK, *on behalf of herself and others similarly situated*, <br><br> Plaintiff, <br><br> v. <br><br> PACESETTER STEEL SERVICE, INC.; STEVEN LEEBOW; and AVIVA LEEBOW; <br><br> Defendants. | CIVIL ACTION NO. <br><br><br> JURY DEMAND |

## COMPLAINT

Named Plaintiff Lori Fink, on behalf of herself and others similarly situated, by and through undersigned counsel, brings this action against Defendants Pacesetter Steel Service Inc.; Steven Leebow; and Aviva Leebow and states and alleges as follows:

### NATURE OF THE ACTION

1. This is an action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, for failure to pay overtime wages and under O.C.G.A. § 10-1-702 for failure to pay commissions.

1

## JURISDICTION AND VENUE

2. This Court exercises jurisdiction over Named Plaintiff's federal claims on behalf of herself and others similarly situated pursuant to 28 U.S.C. § 1331 and over her state law claims pursuant to 28 U.S.C. § 1367(a).

3. Venue is proper pursuant to 28 U.S.C. § 1391(b) and Local Rule 3.1(B) because a substantial part of the events giving rise to Plaintiff's claims, as described in this complaint, occurred within the Atlanta Division of the Northern District of Georgia.

## PARTIES

4. Named Plaintiff Lori Fink resides in Bartow County, Georgia.

5. Defendant Pacesetter Steel Service, Inc. ("Pacesetter") is a for-profit company and maintains a principal office address at P.O. Box 100007, Kennesaw, Georgia 30156, according to its registration with the Georgia Secretary of State.

6. Pacesetter may be served with process by delivering a copy of the complaint and summons to its registered agent, Steven Leebow, at 1045 Big Shanty Road, Kennesaw, Georgia 30144.

7. Defendant Steven Leebow ("Steven Leebow") serves as President and Chief Executive Officer of Defendant Pacesetter.

8. Steven Leebow may be served with process at his home address, either personally or through someone of suitable age and discretion residing at his home address, or wherever he may be found.

9. Defendant Aviva Leebow ("Aviva Leebow") serves as Executive Vice President of Defendant Pacesetter.

10. Aviva Leebow may be served with process at her home address, either personally or through someone of suitable age and discretion residing at her home address, or wherever she may be found.

11. Pacesetter is a unified operation under the control of Defendants for the common business purpose of manufacturing, selling, and distributing steel products ("Pacesetter Enterprise").

12. The Pacesetter Enterprise employs personnel who prepare steel products for sale, salespeople who contact customers by phone and email, and personnel who prepare customer orders for shipment.

13. The Pacesetter Enterprise has operations in Georgia, Illinois, and Texas.

14. The Pacesetter Enterprise has employees engaged in commerce, employees engaged in the production of goods for commerce, and employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce.

15. Since 2010, the Pacesetter Enterprise has had, and continues to have, an annual gross volume of sales made that is not less than $500,000.00.

16. Defendants employed Named Plaintiff and others similarly situated who engaged in interstate commerce or the production of goods for interstate commerce.

17. Named Plaintiff and others similarly situated are individuals who have been employed by Defendants and were eligible for overtime wages and sales incentive bonuses pursuant to Defendants' sales commission program within the three years prior to the filing of this lawsuit and continuing through the duration of this action ("Sales Associates").

18. As the case proceeds, other Sales Associates will likely sign consent forms and seek to join this action.

19. At times relevant to this action, Steven Leebow owned and operated Pacesetter.

20. Steven Leebow directly and indirectly controlled the day-to-day operations of the Pacesetter Enterprise.

21. Steven Leebow had the authority to hire or fire Sales Associates, including Named Plaintiff.

22. Steven Leebow was responsible for paying wages to Sales Associates.

23. At times relevant to this action, Aviva Leebow directly and indirectly controlled the day-to-day operations of the Pacesetter Enterprise.

24. Aviva Leebow supervised Named Plaintiff.

25. Aviva Leebow had the authority to hire or fire Sales Associates, including Named Plaintiff.

26. Aviva Leebow had the authority to require that Named Plaintiff and other Sales Associates attend certain meetings.

27. Aviva Leebow was responsible for maintaining records of Named Plaintiff's hours worked.

28. Aviva Leebow was responsible for paying wages to Sales Associates.

29. Defendants determined Sales Associates' compensation.

30. Defendants determined the policies that governed compensation for Sales Associates.

31. Defendants set the terms and conditions of employment for Sales Associates.

32. Defendants are, therefore, joint employers for the purposes of the FLSA.

## FACTUAL ALLEGATIONS IN SUPPORT OF SALES ASSOCIATES' CLAIMS: OFF THE CLOCK HOURS

33.   Named Plaintiff worked at Defendants' Kennesaw, Georgia location from November 29, 2010, until her termination on November 1, 2013.

34.   At all relevant times, Named Plaintiff held the job title of Consumer Solutions Specialist.

35.   As a Customer Solutions Specialist, Named Plaintiff made sales calls to current or potential customers.

36.   Sales Associates' job duties also involved making sales calls to current or potential customers.

37.   Sales Associates regularly made contact with current or potential customers via telephone and email for the purposes of conducting sales.

38.   Defendants scheduled Named Plaintiff to work from 8:00 a.m. until 5:00 p.m. with an unpaid one-hour meal period, five days per week.

39.   On information and belief, Defendants typically scheduled Sales Associates to work from 8:00 a.m. until 5:00 p.m. with an unpaid one-hour meal period, five days per week.

40.   Named Plaintiff occasionally worked in excess of 40 hours per week.

41. By way of example, Defendants periodically required Sales Associates to attend informational meetings during their lunch period.

42. Required informational meetings during lunch were commonly referred to as "Lunch and Learn" meetings at Pacesetter.

43. Sales Associates received notice of required Lunch and Learn meetings via Lotus Notes, Defendants' electronic mail system.

44. On June 28, 2013, all Sales Associates, including Named Plaintiff, were required to attend a lunch meeting from 12:00 p.m. to 1:00 p.m.

45. A copy of the June 28, 2013, notice delivered by Defendants to Named Plaintiff is attached as Exhibit A.

46. Defendants failed to record the time Named Plaintiff spent at Lunch and Learn meetings.

47. Defendants did not record certain hours spent at Lunch and Learn meetings on Named Plaintiff's time records as hours worked.

48. Defendants failed to maintain accurate records of Named Plaintiff's hours worked.

49. Therefore, Defendants violated the recordkeeping provision of the FLSA, 29 U.S.C. § 211(c).

50. Named Plaintiff received compensation, in part, in the form of an annual salary of approximately $40,000.00.

51. However, Named Plaintiff did not receive the required overtime premium rate for hours worked in excess of 40 per week.

52. During certain weeks in which Named Plaintiff worked in excess of 40 hours per week, she received no additional compensation whatsoever.

## FACTUAL ALLEGATIONS IN SUPPORT OF SALES ASSOCIATES' CLAIMS: UNLAWFUL HALF-TIME PREMIUM

53. On two occasions, Named Plaintiff received additional wages for hours worked in excess of 40 per week.

54. During the week ending on April 7, 2011, Defendants paid Named Plaintiff for 40.25 hours.

55. For the 0.25 hours in excess of 40 worked during the week ending April 7, 2011, Defendants paid Named Plaintiff $2.42—a rate of $9.6899 per hour.

56. A copy of Named Plaintiff's earnings statement covering the week ending April 7, 2011, is attached hereto as Exhibit B.

57. During the week ending on July 21, 2013, Defendants paid Named Plaintiff for 44 hours.

58. For the four hours in excess of 40 worked during the week ending July 21, 2013, Defendants paid Named Plaintiff $38.76—again, a rate of $9.6899 per hour.

59. A copy of Named Plaintiff's earnings statement covering the week ending July 21, 2013, is attached hereto as Exhibit C.

60. The premium rate of $9.6899 per hour is equivalent to one-half the hourly rate (based upon Named Plaintiff's weekly salary of $833.335) divided by 43 hours.

61. Defendants had no legal basis for applying the rate of $9.6899 per hour to Named Plaintiff's overtime wage calculations.

## FACTUAL ALLEGATIONS IN SUPPORT OF SALES ASSOCIATES' CLAIMS: NON-DISCRETIONARY BONUS PAYMENTS

62. Sales Associates received Sales Incentive Bonuses ("Bonuses") pursuant to Defendants' Commission Program.

63. The Bonuses were based on the amount of steel, measured in tons, sold by Sales Associates.

64. The formula used to determine the amount of the Bonuses was predetermined.

65. Defendants applied an incentive rate for each ton of steel sold in order to calculate the amount of the Bonuses.

66. Sales Associates were also given tonnage goals with respect to their steel sales.

67. If Sales Associates exceeded their tonnage goals, they received an additional Bonus payment of $500.00.

68.     Sales Associates expected to receive Bonuses when they made sales according to the Commission Program.

69.     For the purposes of the FLSA, the Bonuses were nondiscretionary bonuses.

70.     Named Plaintiff earned Bonuses because of her sales.

71.     However, Defendants failed to include the Bonuses when calculating Named Plaintiff's overtime premiums.

72.     For example, the overtime premium rate of $9.6899 per hour listed in Exhibits B and C does not include Named Plaintiff's Bonuses.

## COUNT ONE: WILLFUL FAILURE TO PAY SALES ASSOCIATES THE OVERTIME PREMIUM RATE REQUIRED BY THE FLSA

73.     For the purposes of compensating Named Plaintiff, Defendants classified her as nonexempt from the FLSA's overtime requirement.

74.     Defendants failed to pay Named Plaintiff at the rate required by the FLSA for hours worked in excess of 40 per week, including hours worked off the clock.

75.     For example, Defendants failed to pay Named Plaintiff for certain lunch hours spent attending meetings.

76.     Even on the occasions when Defendants paid wages for hours in excess of 40 per week, Defendants failed to pay the overtime premium rate required by the FLSA.

77. Defendants failed to compensate Named Plaintiff for hours worked in excess of 40 per week at a rate of not less than one and one-half times the regular rate.

78. Defendants failed to include Bonuses in the calculation of the regular rate when calculating the applicable overtime premium rate.

79. Defendants chose not to compensate Named Plaintiff at the required overtime premium rate despite Defendants' knowledge that the decision to do so was a violation of the FLSA given Named Plaintiff's nonexempt job classification.

80. Defendants' decisions with respect to Named Plaintiff's compensation show a reckless disregard for her rights under the FLSA.

81. Moreover, Defendants lacked reasonable grounds for believing their pay practices with respect to Named Plaintiff comported with the requirements of the FLSA.

82. Defendants subjected Named Plaintiff and other Sales Associates to the same or similar scheduling practices.

83. For example, Defendants subjected Named Plaintiff and other Sales Associates to the same or similar practices concerning required meetings.

84. Defendants subjected Named Plaintiff and other Sales Associates to the same or similar practices concerning compensation.

85. For example, Defendants subjected Named Plaintiff and other Sales Associates to the same or similar practices concerning bonus payments.

86. Defendants' conduct constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255.

87. Pursuant to 29 U.S.C. § 216(b), Defendants are liable to Sales Associates for all unpaid overtime wages, liquidated damages, and attorney's fees and costs.

## COUNT TWO: WILLFUL FAILURE TO PAY NAMED PLAINTIFF EARNED SALES COMMISSIONS IN VIOLATION OF GEORGIA LAW

88. Named Plaintiff was a sales representative within the meaning of O.C.G.A. § 10-1-702.

89. Defendants are principals within the meaning of O.C.G.A. § 10-1-702.

90. Defendants no longer employ Named Plaintiff.

91. More than 30 days have passed following the termination of Named Plaintiff's employment.

92. Named Plaintiff is due sales commissions in the form of Bonuses for certain sales.

93. Defendants have not paid all commissions due to Named Plaintiff.

94. Defendants did not pay all commissions due to Named Plaintiff within 30 days of the termination of her employment.

95. Therefore, Defendants failed to make timely payment of commissions due to Named Plaintiff as required by O.C.G.A. § 10-1-702.

96. Pursuant to O.C.G.A. § 10-1-702, Defendants are jointly and severally liable to Named Plaintiff for all amounts due to Named Plaintiff as a sales representative, exemplary damages, and her attorneys' fees and costs.

## DEMAND FOR JUDGMENT

Plaintiff respectfully requests that:

I. The Court enter declaratory judgment in favor of Named Plaintiff and others similarly situated;

II. The Court enter judgment against Defendants;

III. The Court enter judgment against Defendants that their violations of the FLSA were willful;

IV. The Court award Named Plaintiff and others similarly situated all unpaid wages as provided for by the FLSA;

V. The Court award Named Plaintiff and others similarly situated liquidated damages equal to the amount of all unpaid wages as provided for by the FLSA;

VI. The Court award all amounts due to Named Plaintiff as provided for by O.C.G.A. § 10-1-702;

VII. The Court award exemplary damages to Named Plaintiff;

VIII. The Court award Named Plaintiff the attorneys' fees and litigation costs incurred in prosecuting these claims as provided for by the FLSA and O.C.G.A. § 10-1-702; and

IX. Named Plaintiff and others similarly situated receive such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Named Plaintiff and others similarly situated demand a trial by jury.

Dated: March 10, 2014.

| | |
|---|---|
| MAYS & KERR LLC<br>235 Peachtree Street NE<br>North Tower \| Suite 202<br>Atlanta, Georgia 30303<br>Telephone: (404) 410-7998<br>Facsimile: (404) 855-4066<br>winfield@maysandkerr.com<br>john@maysandkerr.com | s/ Winfield Murray<br>Winfield Murray, Esq.<br>Georgia Bar No. 532404<br>John L. Mays, Esq.<br>Georgia Bar No. 986574<br><br><br>Counsel for Plaintiff |