## SETTLEMENT AGREEMENT

This Settlement Agreement ("AGREEMENT") is entered into by and between Lori Fink ("Plaintiff") and Pacesetter Steel Services, Inc., Steven Leebow, and Aviva Leebow ("Defendants").

### RECITALS

WHEREAS, Plaintiff filed a lawsuit against Defendants that is currently pending in the United States District Court for the Northern District of Georgia and styled as *Lori Fink, on behalf of herself and others similarly situated v. Pacesetter Steel Services, Inc., Steven Leebow, and Aviva Leebow*, Case No. 1:14-CV-00691-JOF (the "LAWSUIT"), alleging that she was not properly compensated for all hours worked pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et. seq.* and did not receive certain sales commissions pursuant to O.C.G.A. § 10-1-702;

WHEREAS, Defendants deny, and continue to deny, the validity of the claims and allegations asserted against them;

WHEREAS, the Parties and their counsel, having conducted a detailed factual investigation of the claims and defenses asserted in the lawsuit, have determined that a compromise, settlement and dismissal of the instant action, with prejudice, will best serve the interests of all concerned;

WHEREAS, the Parties and their counsel have also concluded that the terms of this AGREEMENT are fair, reasonable, adequate and in the Parties' mutual best interests; and,

WHEREAS, Defendants are willing to provide Plaintiff with the consideration described below, which they are not ordinarily required to provide, provided the LAWSUIT is dismissed with prejudice;

NOW THEREFORE, in consideration of the mutual covenants and promises contained herein, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged by the Parties, the Parties agree to be legally bound by the following terms and conditions, which constitute full settlement of any and all disputes between them:

1. **SETTLEMENT SUM:** As consideration for signing this AGREEMENT and compliance with the promises made herein, Defendants agrees to pay Plaintiff a total of TWELVE THOUSAND FIVE HUNDRED TWENTY-ONE DOLLARS AND 35/100 CENTS ($12,521.35) as follows:

   A. $872.58 has been provided to Plaintiff's counsel and was made payable to Plaintiff, for which an IRS Form-1099 shall be issued.

   B. $10,830.00 shall be made payable as attorney's fees to Fink's legal counsel: MAYS & KERR LLC;

1

    C.     $818.77 shall be made payable as attorney's costs to Fink's legal counsel: MAYS & KERR LLC;

    D.     The payments shall be delivered to MAYS & KERR LLC no later than 7 days after the Effective Date of this AGREEMENT (the "Effective Date" defined as the first day after the Court has issued an order dismissing the claims).

2. **CONSIDERATION:** The Parties understand and agree that they would not receive the monies and/or benefits specified in this AGREEMENT above but for their execution of this AGREEMENT and the fulfillment of the promises contained herein.

3. **RELEASE OF CLAIMS:**

    A.     In exchange for, and in consideration of, the payments, benefits, and other commitments described above, Plaintiff agrees to the dismissal with prejudice of the LAWSUIT filed against Defendants and any other claims or assertions of liability against Defendants for violations of the FLSA that may exist.

    B.     Plaintiff further acknowledges and agrees that she will not bring any action or participate in any action against Defendants concerning any claims that are the subject of this release.

    C.     No provision of this AGREEMENT shall be interpreted to waive, release, or extinguish any rights that – by express and unequivocal terms of law – may not under any circumstances be waived, released, or extinguished.

4. **TAX LIABILITY:** Plaintiff understands that Defendants shall issue an IRS Form 1099 for the payments designated as attorney's fees and liquidated damages specified in Paragraph 3 of this AGREEMENT. In paying the amount specified in Paragraph 3, Defendants makes no representation regarding the tax consequences or liability arising from said payments. Plaintiff understands and agrees that any and all tax liability that may be due or become due because of the payments referenced above is his sole responsibility, and that she will pay any such taxes that may be due or become due. Defendants has no monetary liability or obligation regarding payment whatsoever (other than delivering valid checks in the sums referenced in Paragraph 3 of the AGREEMENT.) Plaintiff agrees to bear all tax consequences, if any, attendant upon the payment to him of the above-recited sums. Plaintiff further agrees to hold Defendants harmless from and against any tax or tax withholding claims, amounts, interest, penalties, fines or assessments brought or sought by any taxing authority or governmental agency with regard to the above recited sums.

5. **AFFIRMATIONS:** Plaintiff represents and affirms that, other than the LAWSUIT referenced herein, she has no suits, claims, charges, complaints or demands of any kind whatsoever currently pending against Defendants with any local, state, or federal court or any governmental, administrative, investigative, civil rights or other agency or board. Defendants affirms that it has not filed, caused to be filed, or is presently a party to any claim or counterclaim against Plaintiff.

6. **MUTUAL NON-DISPARAGEMENT:** The Parties agree that they shall not make any oral or written statements, or engage in conduct of any kind, that disparages, criticizes, defames, communicates any false, negative or misleading information about one another, or any matter relating to Plaintiff's employment with Defendant, and/or, to the extent relevant, the circumstances surrounding Plaintiff's separation of employment from Defendant, or otherwise casts a negative characterization upon the other party. The Parties further agree that they will not assist anyone else in doing so, or direct or encourage another to do so.

7. **NO ASSIGNMENT:** The Parties represent and warrant that no person other than the signatories hereto had or has any interest in the matters referred to in this AGREEMENT, that the Parties have the sole right and exclusive authority to execute this AGREEMENT, and that the Parties have not sold, assigned, transferred, conveyed, or otherwise disposed of any claim, demand or legal right that is the subject of this AGREEMENT.

8. **COURT APPROVAL:** If the Court declines to approve the AGREEMENT, or a Court of Appeal reverses the entry of any approval order, the Parties agree to work cooperatively and in good faith in an attempt to address and resolve any concerns identified by the Court or a Court of Appeal in declining to approve the AGREEMENT in the form submitted by the Parties.

9. **EFFECT OF TERMINATION:** In the event that this AGREEMENT is canceled, rescinded, terminated, voided, or nullified, however that may occur, or the settlement of the LITIGATION is barred by operation of law, is invalidated, is not approved or otherwise is ordered not to be carried out by any Court:

    A. The AGREEMENT shall have no force or effect, and no party shall be bound by any of its terms with respect to the terminating party

    B. Defendants shall have no obligation to make any payments to Plaintiff;

    C. This AGREEMENT and all negotiations, statements and proceedings relating thereto shall be without prejudice to the rights of any of the Parties all of whom shall be restored to their respective positions in the LITIGATION prior to the settlement; and,

    D. Neither this AGREEMENT, nor any ancillary documents, actions, statements or filings in furtherance of settlement (including all matters associated with the mediation) shall be admissible or offered into evidence in the LITIGATION or any other action for any purpose whatsoever.

10. **GOVERNING LAW AND JURISDICTION:** This AGREEMENT shall be governed and interpreted in accordance with the laws of the state of Georgia.

11. **NO ADMISSION OF LIABILITY:** The Parties agree that neither this AGREEMENT nor the furnishing of the consideration for this AGREEMENT shall be deemed or construed at anytime for any purpose as an admission by either of the Parties of any liability or unlawful conduct of any kind.

12. **HEADINGS:** The headings of the provisions herein are intended for convenient reference only, and the same shall not be, nor be deemed to be, interpretative of the contents of such provision.

13. **MODIFICATION OF AGREEMENT:** This AGREEMENT may not be amended, revoked, changed, or modified in any way, except in a writing executed by all Parties. Plaintiff agrees not to make any claim at any time or place that this AGREEMENT has been verbally modified in any respect whatsoever. No waiver of any provision of this AGREEMENT will be valid unless it is in writing and signed by the party against whom such waiver is charged.

14. **INTERPRETATION:** The language of all parts of this AGREEMENT shall in all cases be construed as a whole, according to its fair meaning, and not strictly for or against any of the Parties. This AGREEMENT has been negotiated by and between attorneys for the Parties and shall not be construed against the "drafter" of the AGREEMENT. If any portion or provision of this AGREEMENT (including, without implication of limitation, any portion or provision of any section of this AGREEMENT) is determined to be illegal, invalid, or unenforceable by any court of competent jurisdiction and cannot be modified to be made legal, valid, or enforceable, the remainder of this AGREEMENT shall not be affected by such determination and shall be valid and enforceable to the fullest extent permitted by law, and said illegal, invalid, or unenforceable portion or provision shall be deemed not to be a part of this AGREEMENT.

15. **BINDING NATURE OF AGREEMENT:** This AGREEMENT shall be binding upon each of the Parties and upon their respective heirs, administrators, representatives, executors, successors, and assigns, and shall inure to the benefit of each party and to their respective heirs, administrators, representatives, executors, successors, and assigns.

16. **ENTIRE AGREEMENT:** This AGREEMENT sets forth the entire settlement between the Parties hereto with regard to the dismissal of the LAWSUIT.

17. **SELECTIVE ENFORCEMENT:** The Parties agree that the failure of any party to enforce or exercise any right, condition, term, or provision of this AGREEMENT shall not be construed as or deemed a relinquishment or waiver thereof, and the same shall continue in full force and effect.

IN WITNESS WHEREOF, the Parties hereto knowingly and voluntarily executed this AGREEMENT as of the date set forth below:

_____
Lori Fink

Dated: 5/28/14

Pacesetter Steel Services, Inc.

By: _____

Dated: 6/18/2014

4

_____
Steven Leebow

Dated: 6/12/14

_____
Aviva Leebow

Dated: 6/18/14